**MORTGAGE RECOVERY LAW GROUP LLP**
MICHAEL H. DELBICK (State Bar No. 139200)
PAUL A. LEVIN (State Bar No. 229077)
DANA J. CLAUSEN (State Bar No. 223212)
700 North Brand Boulevard, Suite 830
Glendale, California 91203
Telephone: (818) 630-7900 ♦ Facsimile: (818) 630-7920
E-mail: michael.delbick@mortgagerecoveries.com
       paul.levin@mortgagerecoveries.com
       dana.clausen@mortgagerecoveries.com

**SNIPPER, WAINER & MARKOFF**
MAURICE WAINER (California Bar No. 121678)
1180 S. Beverly Drive, Suite 320
Los Angeles, California 90035
Telephone: (310) 550-5770 ♦ Facsimile: (310) 550-6770
E-mail: mrwainer@swmfirm.com

**Attorneys for Plaintiff Federal Deposit
Insurance Corporation as Receiver for
AmTrust Bank,**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST BANK<br><br>                    Plaintiff,<br><br>          vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation (erroneously sued as FIRST AMERICAN TITLE INSURANCE AGENCY),<br>                    Defendants. | Case No. 8:14-cv-00617 AG (JPRx)<br>Assigned to Hon. Andrew J. Guilford<br><br>**STIPULATED PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

### 1.   PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

### 2.   DESIGNATING PROTECTED MATERIAL

**2.1.   Over-Designation Prohibited**. Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or

1 items that it designated for protection do not qualify for protection at all or do not

2 qualify for the level of protection initially asserted, that designator must promptly

3 notify all parties that it is withdrawing the mistaken designation.

4     **2.2.    Manner and Timing of Designations**. Designation under this Order

5 requires the designator to affix the applicable legend ("CONFIDENTIAL" or

6 "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY") to each page that

7 contains protected material. For testimony given in deposition or other proceeding,

8 the designator shall specify all protected testimony and the level of protection being

9 asserted. It may make that designation during the deposition or proceeding, or may

10 invoke, on the record or by written notice to all parties on or before the next

11 business day, a right to have up to 21 days from the deposition or proceeding to

12 make its designation.

13     **2.2.1.** A party or non-party that makes original documents or materials

14 available for inspection need not designate them for protection until after the

15 inspecting party has identified which material it would like copied and produced.

16 During the inspection and before the designation, all material shall be treated as

17 HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY. After the inspecting

18 party has identified the documents it wants copied and produced, the producing

19 party must designate the documents, or portions thereof, that qualify for protection

20 under this Order.

21     **2.2.2.** Parties shall give advance notice if they expect a deposition or

22 other proceeding to include designated material so that the other parties can ensure

23 that only authorized individuals are present at those proceedings when such material

24 is disclosed or used. The use of a document as an exhibit at a deposition shall not in

25 any way affect its designation. Transcripts containing designated material shall have

26 a legend on the title page noting the presence of designated material, and the title

27 page shall be followed by a list of all pages (including line numbers as appropriate)

28

that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.3. Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

**3. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

**4. ACCESS TO DESIGNATED MATERIAL**

**4.1. Basic Principles**. A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**4.2. Disclosure of CONFIDENTIAL Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**4.2.1.** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.2.2.** The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

1         **4.2.3.** Experts retained by the receiving party's outside counsel of

2  record to whom disclosure is reasonably necessary, and who have signed the

3  Agreement to Be Bound (Exhibit A);

4         **4.2.4.** The Court and its personnel;

5         **4.2.5.** Outside court reporters and their staff, professional jury or trial

6  consultants, and professional vendors to whom disclosure is reasonably necessary,

7  and who have signed the Agreement to Be Bound (Exhibit A);

8         **4.2.6.** During their depositions, witnesses in the action to whom

9  disclosure is reasonably necessary and who have signed the Agreement to Be Bound

10  (Exhibit A); and

11         **4.2.7.** The author or recipient of a document containing the material, or

12  a custodian or other person who otherwise possessed or knew the information.

13       **4.3.**    **Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES**

14  **ONLY Material Without Further Approval**. Unless permitted in writing by the

15  designator, a receiving party may disclose material designated HIGHLY

16  CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

17         **4.3.1.** The receiving party's outside counsel of record in this action and

18  employees of outside counsel of record to whom it is reasonably necessary to

19  disclose the information;

20         **4.3.2.** The Court and its personnel;

21         **4.3.3.** Outside court reporters and their staff, professional jury or trial

22  consultants, and professional vendors to whom disclosure is reasonably necessary,

23  and who have signed the Agreement to Be Bound (Exhibit A); and

24         **4.3.4.** The author or recipient of a document containing the material, or

25  a custodian or other person who otherwise possessed or knew the information.

26

27

28

**4.4.    Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material to In-House Counsel or Experts**. Unless agreed to in writing by the designator:

**4.4.1.** A party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making.

**4.4.2.** A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years. If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the

1   expert shall be available to meet and confer with the designator regarding any such

2   confidentiality obligations.

3           **4.4.3.** A party that makes a request and provides the information

4   specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the

5   identified in-house counsel or expert unless, within seven days of delivering the

6   request, the party receives a written objection from the designator providing detailed

7   grounds for the objection.

8           **4.4.4.** All challenges to objections from the designator shall proceed

9   under L.R. 37-1 through L.R. 37-4.

10  **5.       PROTECTED MATERIAL SUBPOENAED OR ORDERED**

11  **       PRODUCED IN OTHER LITIGATION**

12      **5.1.   Subpoenas and Court Orders**. This Order in no way excuses non-

13  compliance with a lawful subpoena or court order. The purpose of the duties

14  described in this section is to alert the interested parties to the existence of this

15  Order and to give the designator an opportunity to protect its confidentiality interests

16  in the court where the subpoena or order issued.

17      **5.2.   Notification Requirement**. If a party is served with a subpoena or a

18  court order issued in other litigation that compels disclosure of any information or

19  items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL

20  – ATTORNEY EYES ONLY, that party must:

21          **5.2.1.** Promptly notify the designator in writing. Such notification shall

22  include a copy of the subpoena or court order;

23          **5.2.2.** Promptly notify in writing the party who caused the subpoena or

24  order to issue in the other litigation that some or all of the material covered by the

25  subpoena or order is subject to this Order. Such notification shall include a copy of

26  this Order; and

27

28

1    **5.2.3.** Cooperate with all reasonable procedures sought by the

2  designator whose material may be affected.

3    **5.3.   Wait For Resolution of Protective Order.** If the designator timely

4  seeks a protective order, the party served with the subpoena or court order shall not

5  produce any information designated in this action as CONFIDENTIAL or HIGHLY

6  CONFIDENTIAL – ATTORNEY EYES ONLY before a determination by the court

7  where the subpoena or order issued, unless the party has obtained the designator's

8  permission. The designator shall bear the burden and expense of seeking protection

9  of its confidential material in that court.

10 **6.    UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

11    If a receiving party learns that, by inadvertence or otherwise, it has disclosed

12 designated material to any person or in any circumstance not authorized under this

13 Order, it must immediately (1) notify in writing the designator of the unauthorized

14 disclosures, (2) use its best efforts to retrieve all unauthorized copies of the

15 designated material, (3) inform the person or persons to whom unauthorized

16 disclosures were made of all the terms of this Order, and (4) use reasonable efforts

17 to have such person or persons execute the Agreement to Be Bound (Exhibit A).

18 **7.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

19       **PROTECTED MATERIAL**

20    When a producing party gives notice that certain inadvertently produced

21 material is subject to a claim of privilege or other protection, the obligations of the

22 receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

23 This provision is not intended to modify whatever procedure may be established in

24 an e-discovery order that provides for production without prior privilege review

25 pursuant to Federal Rule of Evidence 502(d) and (e).

26

27

28

1    **8.     FILING UNDER SEAL**

2    Without written permission from the designator or a Court order, a party may

3    not file in the public record in this action any designated material. A party seeking to

4    file under seal any designated material must comply with L.R. 79-5.1. Filings may

5    be made under seal only pursuant to a court order authorizing the sealing of the

6    specific material at issue. The fact that a document has been designated under this

7    Order is insufficient to justify filing under seal. Instead, parties must explain the

8    basis for confidentiality of each document sought to be filed under seal. Because a

9    party other than the designator will often be seeking to file designated material,

10   cooperation between the parties in preparing, and in reducing the number and extent

11   of, requests for under seal filing is essential. If a ***receiving party's*** request to file

12   designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then

13   the receiving party ***may file the material in the public record*** unless (1) ***the***

14   ***designator*** seeks reconsideration within four days of the denial, or (2) as otherwise

15   instructed by the Court.

16   **9.     FINAL DISPOSITION**

17   Within 60 days after the final disposition of this action, each party shall return all

18   designated material to the designator or destroy such material, including all copies,

19   abstracts, compilations, summaries, and any other format reproducing or capturing

20   any designated material. The receiving party must submit a written certification to

21   the designator by the 60-day deadline that (1) identifies (by category, where

22   appropriate) all the designated material that was returned or destroyed, and (2)

23   affirms that the receiving party has not retained any copies, abstracts, compilations,

24   summaries, or any other format reproducing or capturing any of the designated

25   material. This provision shall not prevent counsel from retaining an archival copy of

26   all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

27   memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

28

1  work product, and consultant and expert work product, even if such materials

2  contain designated material. Any such archival copies remain subject to this Order.

3  **IT IS SO ORDERED**

4

5  DATED: _December 2, 2014_____  By: _____

6                                                  Hon. Jean P. Rosenbluth
                                                U.S. Magistrate Judge

10

**EXHIBIT A**

**AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *FDIC as Receiver for AmTrust Bank v. First American Title Insurance Company*, Case No. 8:14-cv-00617 AG (JPRx).  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

11

STIPULATED PROTECTIVE ORDER